```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN MEJIA DALMAU,

                      Plaintiff,

  -against-                                       1:21-cv-4407-MKV

1084 NY AVE LLC, IRIS HOLDINGS GROUP
NY LLC, LIBERTY PLACE PROPERTY           **STIPULATED PROTECTIVE**
MANAGEMENT LLC, MARC                              **ORDER**
BLUMENFRUCHT, AND SHAY HART (A.K.A.
SHAYA HIRTZ),

                      Defendants.

MARY KAY VYSKOCIL, United States District Judge:

       The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

       1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Medical records obtained in the course of litigation shall automatically be deemed confidential.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.    Inform the person of the confidential nature of the information or documents;

      b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.    Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7.    The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.    At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED

S/ Michael Diller
Dated: September 30, 2021

BRONX LEGAL SERVICES
Attorneys for Plaintiff
349 E. 149th St., 10th Floor
The Bronx, NY 10451
(347) 592-2117
mdiller@lsnyc.org


S/ Jeremi Chylinski
Dated: September 30, 2021

GORDON & REES LLP
One Battery Park Plaza, 28th Floor
New York, New York 10004
P: (917) 650-0050
F: (212) 269-5505
jchylinski@grsm.com

Attorneys for Defendants Iris Holdings
Group NY LLC, Marc Blumenfrucht, and
Shay Hart (a.k.a. Shaya Hirtz)

SO ORDERED

Dated: New York, New York
       October 1, 2021

_____
HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

4