UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:___1/13/2022___ |

JUAN MEJIA DALMAU,

                    Plaintiff,

          -against-

1084 NY AVE. LLC, IRIS HOLDINGS GROUP NY
LLC, LIBERTY PLACE PROPERTY
MANAGEMENT LLC, MARC BLUMENFRUCHT,
and SHAY HART a/k/a Shaya Hirtz,

                    Defendants.

1:21-cv-4407-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Plaintiff's letter requesting a conference regarding a discovery

dispute between the parties.  [ECF No. 64].  Under section 3.D. of this Court's individual rules:

> Any party wishing to raise a discovery dispute with the Court must
> first confer in good faith with the opposing party, in person or by
> telephone, in an effort to resolve the dispute.  If this meet-and-
> confer process does not resolve the dispute, the party may file on
> ECF a *joint* letter, no longer than four pages, explaining the nature
> of the dispute and setting forth the position of each party with
> respect to the disputed issue, and requesting an informal
> conference.

Counsel for Plaintiff represents that he has been unable to contact counsel for Defendant and so

filed this letter to raise this issue timely with the Court.

Therefore, IT IS HEREBY ORDERED that Plaintiff's request for an informal conference

with the Court is DENIED.  Defendant is directed to meet-and-confer with Plaintiff regarding

Plaintiff's request on or before February 3, 2022.  Plaintiff may refile his letter with respect to

the discovery dispute if it is unable to meet-and-confer with Defendant by that date.

IT IS FURTHER ORDERED that the fact discovery deadline is extended from January

31, 2022 to March 14, 2022.

IT IS FURTHER ORDERED that the status conference scheduled for February 8, 2022 at 11:30 AM is ADJOURNED to March 29, 2022 at 10:00 AM.  The conference will be held telephonically.  To join the conference, dial 888-278-0296 and enter access code 5195844.

IT IS FURTHER ORDERED that on or before February 3, 2022, Plaintiff and Defendant Liberty Place Property Management LLC shall submit a joint letter to the Court explaining why their proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a bona fide dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees.  *Cheeks*, 796 F.3d at 203, 206.  Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *Id.* at 206.  The parties should also include a copy of the settlement agreement with their submission.

**Failure to comply with this Order may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

2

**SO ORDERED.**

**Date:  January 13, 2022**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**