UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN MEJIA DALMAU,

                Plaintiff,

         v.

1084 NY AVE LLC, et al.,

                Defendants.

21-CV-4407 (MKV) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/22

**BARBARA MOSES, United States Magistrate Judge.**

      The Court has received and reviewed the parties' joint letter dated December 1, 2021 (Joint Ltr.) (Dkt. No. 71), seeking approval of their fully-executed Settlement Agreement (Ag.) (Joint Ltr. Ex. A) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendant Liberty Place Property Management LLC (Liberty Place) to pay $20,000 to plaintiff Juan Mejia Dalmau, in lump sum, to settle plaintiff's claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶ 2; Joint Ltr. at 1-2.

      The material terms of the settlement were arrived at after arm's-length bargaining at a judicially-supervised settlement conference before me on December 1, 2021. The settling parties thereafter consented to my jurisdiction for purposes of settlement approval. (Dkt. No. 69.) As they note in their letter, Liberty Place – which managed the building where plaintiff worked until January 2018 – is only one of the defendants sued in this action. Joint Ltr. at 1. Plaintiff's claims against other defendants, including the successor management company, remain pending. *Id*.

      The Court finds the financial terms of the Agreement fair and reasonable. As the parties acknowledge, the cash compensation "is a steep discount on Plaintiff's maximum recovery," which his counsel calculated to be as much as $280,000. Joint Ltr. at 2. But plaintiff faces a number of litigation risks that could prevent him from recovering anything like that sum. One such risk is defendant's non-frivolous contention that plaintiff was exempt from overtime entirely under state

law as a residential building "janitor" pursuant to 12 N.Y.C.R.R. §§ 141-3.4 and 141-1.4. *See* Joint Ltr. at 3. Additionally, the parties sharply contest the facts concerning the actual hours that plaintiff worked. *Id*. at 3-4. Further, plaintiff signed a release in 2016 which, if enforceable, would bar any recovery with respect to approximately one-third of the period for which he sued Liberty Place under the NYLL. *Id*. at 4. I note as well that plaintiff's attorneys have waived their fee, *id*. at 1, such that plaintiff will receive the entire settlement sum. Under these circumstances, the discounted settlement amount is fair and reasonable. *See Aguilar v. N & A Prods. Inc.*, 2019 WL 5449061, at *1–2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of approximately 7% of maximum recovery based on, *inter alia*, disputes about the plaintiff's exempt status and number of hours worked).

The non-economic terms of the settlement are also fair. The Agreement contains a limited release, under which plaintiff will release Liberty Place from "any and all Claims that Plaintiff has or may have against Defendant . . . that concern or relate to minimum wage and/or overtime pay" and related matters. Ag. ¶ 1. It does not contain any confidentiality clause, rehiring prohibition, or non-disparagement requirements. Joint Ltr. at 4.

Having carefully reviewed the financial and non-financial terms of the Agreement, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** – as to defendant Liberty Place only – with prejudice and without costs.

Dated: New York, NY  
       March 17, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**