UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/19/2022__
```

JUAN MEJIA DALMAU,

              Plaintiff,

          -against-

1084 NY AVE. LLC, IRIS HOLDINGS
GROUP NY LLC, LIBERTY PLACE
PROPERTY MANAGEMENT LLC, MARC
BLUMENFRUCHT, and SHAY HART a/k/a
Shaya Hirtz,

              Defendants.

1:21-cv-4407 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of a letter from Plaintiff informing the Court that the parties have reached a settlement in principle [ECF No. 87]. Because Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., judicial approval is required before settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).

      IT IS HEREBY ORDERED that, by May 19, 2022, the parties shall submit a ***joint*** letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Specifically, the parties should address the following factors:

(1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees.  *Cheeks*, 796 F.3d at 203, 206.  Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *Id.* at 206.

IT IS FURTHER ORDERED that the parties, including Plaintiff personally, shall appear via teleconference for a fairness hearing on May 31, 2022, at 10:30 AM.  Defendants are welcome, but not obligated, to attend.  If Plaintiff does not speak English, Plaintiff must provide his own interpreter.  All other filing deadlines and appearance dates are adjourned *sine die*.

**THE PARTIES ARE ADMONISHED THAT FAILURE TO COMPLY WITH THE DEADLINES HEREIN OR THE REQUIREMENT THAT THE PARTIES SUBMIT A JOINT LETTER MAY RESULT IN SANCTIONS.**

SO ORDERED.

Date:  April 19, 2022
      New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**